# IN THE SUPREME COURT OF THE STATE OF NEVADA

LOUIS LAMAR FIELDS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70058

FILED

SEP 29 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

Appellant Louis Fields was convicted after a jury trial of burglary, conspiracy to commit battery, battery with substantial bodily harm, conspiracy to commit robbery, and robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge. We reverse his conviction for conspiracy to commit robbery, affirm all other convictions, and remand.

### Fields's prior felony conviction

Fields had a prior felony conviction for possession of stolen property. He elected to testify at trial, and when he did, defense counsel elicited from him on direct examination that he had a prior felony conviction. *See* NRS 50.095(1). Fields presented a sanitized version of his prior conviction. He was not asked and did not identify what his prior felony conviction was for.

Before Fields testified, the defense had asked the district court to forbid the State from inquiring into the bases for Fields's prior conviction on cross-examination. The defense maintained that allowing the State to do so would violate NRS 50.085(3), because the inquiry would not be

17-33175

relevant to Fields's credibility, and it would be unfairly prejudicial under NRS 48.035. The district court rejected Fields's broad request for an order in limine. Fields repeats these arguments on appeal, though he shifts grounds slightly as to NRS 50.085(3), arguing that it did not apply because the crime of possession of stolen property does not involve untruthfulness.

A district court's decision to admit or exclude evidence is reviewed on appeal under an abuse-of-discretion standard. *Rhymes v. State*, 121 Nev. 17, 21-22, 107 P.3d 1278, 1281 (2005). In *Butler v. State* we held that even though NRS 50.095 did not authorize admitting the defendant's prior conviction because, unlike the prior conviction in this case, it was for a gross misdemeanor not a felony, NRS 50.085(3) still allowed the State to ask the defendant about her misdemeanor forgery conviction, because forgery involves dishonesty. 120 Nev. 879, 890–91, 102 P.3d 71, 79–80 (2004).

> Attempted forgery is a crime involving dishonesty and conduct that goes to Wilson's truthfulness as a witness. There is also no indication that the State attempted to impeach Wilson by introducing extrinsic evidence. Rather, the State merely asked her questions about the prior conviction on cross-examination, which she answered. We conclude that under these particular facts, the State's cross-examination of Wilson was proper pursuant to NRS 50.085(3).

*Id.* at 891, 102 P.3d at 80.

At trial, the State asked Fields what felony he had been convicted of and a single follow up question about its underlying factual basis, possessing property known to be stolen for eventual sale to third parties. Unlike in *Butler*, the fact Fields had a prior conviction was already properly before the jury under NRS 50.095(1), because it was for a felony as opposed to a gross misdemeanor. As in *Butler*, the conduct for which the

conviction was obtained involved dishonesty, which was established by question and answer, not extrinsic evidence. Given the limited question and answer in this case, we find no abuse of discretion by the district court under NRS 50.085(3), as interpreted in *Butler*. Nor did the district court abuse its discretion under NRS 48.035. The clarifying question the State asked and the answer Fields gave was not unfairly prejudicial to Fields. *See* NRS 48.035 (relevant evidence may be excluded if probative value is outweighed by danger of unfair prejudice).

### *Jury question*

Fields next complains that the district court abused its discretion in allowing a jury question that invaded the attorney-client privilege provided in NRS 49.095. *See Flores v. State*, 114 Nev. 910, 912, 965 P.2d 901, 902 (1998) (reviewing the allowance of jury questions under an abuse-of-discretion standard). But no violation of the attorney-client privilege appears. While the jury question sought to elicit irrelevant information, Fields does not present that argument to this court for review and we decline to address it sua sponte.

### *Sufficiency of evidence*

Reviewing "the evidence in the light most favorable to the prosecution," to determine if "*any* rational trier of fact could have found the elements of the crime beyond a reasonable doubt," *Middleton v. State*, 114 Nev. 1089, 1103, 968 P.2d 296, 306 (1998) (internal quotation marks omitted), there is sufficient evidence to sustain Fields's conviction of burglary, conspiracy to commit battery, battery with substantial bodily harm, and robbery with a deadly weapon. And, there was sufficient evidence for the jury to find that Fields did not act in self-defense. NRS 200.200; NRS 200.275.

 

However, we hold there is insufficient evidence regarding the conspiracy to commit robbery conviction. The record merely indicates one of Fields's sons took the $40 from the victim's wallet and the gun after the battery had concluded. There is no evidence that Fields agreed to his son's actions before they occurred or attempted to assist him. The robbery appears to have been a spur-of-the-moment decision by Fields' son, not the product of an agreement to rob Kephart. *Washington v. State*, 132 Nev., Adv. Op. 65, 376 P.3d 802, 809 (2016). Because conspiracy is a specific intent crime, *id.*, and Fields's specific intent to conspire with his sons to rob the victim was not proven at trial, we reverse Fields's conviction for conspiracy to commit robbery.

We therefore ORDER the judgment of the district court AFFIRMED IN PART, REVERSED IN PART, AND REMAND for entry of an amended judgment of conviction consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Joseph T. Bonaventure, District Judge
Justice Law Center
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A